UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**STANDING ORDER FOR CIVIL CASES
MAGISTRATE JUDGE VIRGINIA K. DEMARCHI**
*Effective May 17, 2023*

**1.      General**

Unless the Court specifically directs otherwise, parties in civil cases shall comply with the Federal Rules of Civil Procedure, the Civil Local Rules and applicable General Orders of the Northern District of California (available at https://www.cand.uscourts.gov/generalorders), and this standing order.  Failure to comply with these rules and orders may result in monetary sanctions, dismissal, entry of adverse judgment, or other appropriate sanctions.

Counsel are expected to comply with the Northern District of California's Guidelines for Professional Conduct (available at https://www.cand.uscourts.gov/professional_conduct_guidelines).

**2.      Consent cases**

In civil cases that are randomly assigned to Judge DeMarchi for all purposes, the parties will be provided a form seeking their consent or declination to magistrate judge jurisdiction.  The Court asks that the parties promptly file this form indicating their written consent to assignment of a magistrate judge for all purposes, or their written declination of such consent.

**3.      Motions**

Hearings.  Civil motions (other than discovery motions) may be noticed for hearing on Tuesdays at 10:00 a.m.  Counsel need not reserve a hearing date in advance but noticed dates may be reset as the Court's calendar requires.  Before noticing a motion for hearing, please check the Court's availability (available at https://apps.cand.uscourts.gov/CEO/cfd.aspx?71BY).  Questions regarding scheduling should be addressed to Judge DeMarchi's courtroom deputy, Adriana Kratzmann, at (408) 535-5365 or vkdcrd@cand.uscourts.gov.

Unless the Court orders otherwise, all hearings (including hearings on discovery disputes) will be conducted in person in Judge DeMarchi's courtroom at the San Jose courthouse.

Proposed orders.  Proposed orders submitted by an e-filing party shall be submitted in Microsoft Word to the following email address: vkdpo@cand.uscourts.gov.  This email address shall not be used for any other purpose.  Proposed orders are not required for motions filed pursuant to Civil L.R. 7-2, except for motions seeking injunctive relief.

Chambers copies.  Chambers copies of joint discovery dispute letters, motion papers filed pursuant to Civil L.R. 7-2, opposition papers filed pursuant to Civil L.R. 7-3, and reply papers

filed pursuant to Civil L.R. 7-3 should be delivered to the Clerk's Office no later than the close of the next court day following the day that the paper was electronically filed. Chambers copies must be double-sided and 3-hole punched along the left margin of the paper. For under seal filings, chambers copies should include only the unredacted version of the filing. Such copies must be marked with the notation "Chambers Copy" and submitted to the Clerk's Office in an envelope marked with the case name, case number, and the words "Magistrate Judge DeMarchi Chambers Copies."

Courtesy copies. In addition to complying with all provisions of Civil L.R. 5-1(h), parties who are ECF users are encouraged to provide courtesy copies in electronic form of voluminous electronically filed documents to all other parties in the action, via email or other agreed means, promptly after completion of filing.

Discovery motions. Absent leave of Court, parties should not file formal noticed motions under Civil L.R. 7-2 addressed to discovery-related disputes, but instead should follow the procedures described below for expedited resolution of discovery-related disputes.

4.   **Discovery**

Stipulated protective orders. The Court encourages parties to stipulate to a proposed protective order regarding confidential material to minimize disputes about the exchange of information during discovery. If the parties elect to use one of the Court's model orders (available on the Court's website at https://cand.uscourts.gov/forms/model-protective-orders/) as a starting point, their stipulation must include (1) a clean version for the Court's signature, and (2) a redline version reflecting any modifications the parties made to the model order. Please note that the Court generally requires parties to use the discovery dispute resolution procedure described below for disputes arising under a protective order, and the protective order the Court enters will so provide. For an example of the Court's typical revisions to the text of the model protective order for standard litigation, please see Case No. 5:22-cv-02882, Dkt. No. 24 (secs. 6.3 and 12.3).

Written discovery. The Court encourages the party propounding discovery to provide courtesy copies of all requests for written discovery (i.e., interrogatories, document requests, requests for admission) to the responding party in an electronic format (e.g., Microsoft Word, or other word processing application) that easily permits the responding party to copy the requests for purposes of responding to them.

Privilege logs. Claims of privilege or work product protection must be sufficiently detailed and informative to justify the privilege or protection claimed; generalized claims of privilege or work product protection are not permitted. *See* Fed. R. Civ. P. 26(b)(5). Privilege logs shall be promptly provided, and updated periodically, as documents are reviewed for production. The parties should agree on interim and final dates for the exchange of privilege logs that permit any disputes about claims of privilege or work product protection to be addressed in advance of the discovery cut-off.

Deposition exhibits. Parties are reminded of their obligation to confer regarding a sequential numbering system for exhibits to be used in deposition and at trial. *See* Civil L.R. 30-

2(b)(1).  Such a system should avoid assigning the same exhibit number to multiple different documents and should avoid assigning different exhibit numbers to the same document used in multiple depositions.

<u>Discovery dispute resolution</u>.  The following procedures shall govern the resolution of discovery disputes, including disputes about proposed protective orders:

a.  The parties involved in a discovery dispute shall attempt in good faith to resolve the dispute by agreement.

b.  If such efforts fail, the party seeking relief may demand a conference of lead counsel to discuss resolution of the dispute.  The conference shall occur within 5 court days of such demand unless the parties agree otherwise.  Lead counsel must actively engage in discussion of the dispute, although others may participate in the conference to assist lead counsel.  The Court encourages counsel to meet in person, but the conference may be conducted by telephone or video conference.

c.  If a dispute remains following the conference of lead counsel, the parties shall jointly submit a letter to the Court no later than 5 court days after the conference of lead counsel, unless the disputing parties agree to extend that deadline.[1]  The joint discovery dispute letter shall be filed using the "Discovery Letter Brief" event under "Motions-General" in the CM/ECF system.  It shall include the following information and shall conform to the following word limits[2]:

    i.    a statement of the dispute requiring resolution (not more than 100 words);

    ii.    each party's position, including citation to applicable authority, and proposed resolution of the dispute (not more than 1500 words per party[3]);

    iii.    each party's view regarding whether the Court should conduct a hearing on the dispute and why a hearing would or would not assist the Court in resolving the dispute (not more than 100 words per party);

    iv.    discovery cut-off dates for fact and expert discovery;

    v.    a statement attesting to compliance with the requirement that lead counsel for the parties confer about the discovery dispute, including the names of the participants, the date of the conference, and the manner in which the

---

[1] An agreement to extend the deadline to file the discovery dispute letter cannot be used to extend the deadline to file motions to compel discovery under Civil L.R. 37-3.  That deadline applies to the filing of joint discovery dispute letters.

[2] Footnote text counts against the word limits.

[3] If there are multiple, aligned parties (e.g., two related defendants), the word limits are per side, not per individual party.

          conference was conducted (e.g., in person meeting, telephone, etc.) (not more than 50 words); and

      vi.    as an attachment to the letter, the specific discovery material at issue, including the responses, if any, to it (e.g., disputed document requests, disputed interrogatories, privilege log, subpoena, deposition excerpt, proposed protective order, etc.); no other exhibits may be attached to the letter, absent leave of Court. The Court does not want to read the parties' discovery-related correspondence.

d. A single joint discovery dispute letter should address only one discrete issue or a few issues that are closely related. Multiple joint discovery dispute letters may be filed following a single conference of lead counsel if multiple discrete disputes remain unresolved, but parties should not use multiple letters to avoid the word limits set forth above.

e. The Court expects the parties to cooperate in the preparation of the joint discovery dispute letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter. The joint discovery dispute letter must be signed by lead counsel.

f. Unjustified delay or refusal to participate meaningfully in the conference of lead counsel or in the preparation of the joint discovery dispute letter may be grounds for entry of an order adverse to the delaying or non-participating party or other appropriate sanctions.

g. Upon receipt of the joint discovery dispute letter, the Court will decide what further proceedings, if any, may be required to resolve the dispute.

h. These procedures for the resolution of discovery disputes shall also apply to non-parties involved in discovery disputes.

i. These procedures for the resolution of discovery disputes shall not apply to motions challenging the sufficiency of the identification of trade secrets under California Code of Civil Procedure § 2019.210, or to motions to strike or to compel amendments to infringement or invalidity contentions in patent cases. Such motions should be noticed and filed pursuant to Civil L.R. 7-2.

<u>Motions for sanctions</u>. Any party seeking an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37 may not use the expedited joint discovery dispute letter procedure described above, but instead must file a motion conforming to the requirements of Civil L.R. 37-4.

**5.  Case Management Conferences**

Unless the Court orders otherwise, case management conferences will be conducted by Zoom webinar. Instructions for participating in the Zoom webinar will be provided by Clerk's Notice and posted on the docket for each conference. Guidance on how to use Zoom functionality is posted on the Court's website at https://www.cand.uscourts.gov/zoom/. If any

party believes that a particular conference should be conducted in person, the party must request an in person conference in the joint case management state or in a separate submission no later than 7 days before the case management conference, and must explain why it believes the conference should be conducted in person.

6.  *Pro se* **litigants**

Litigants who are not represented by an attorney ("pro se litigants") are strongly encouraged to contact the Federal Pro Se Program for assistance. The Pro Se Program is located on the second floor of the Federal Courthouse in San Jose. Help is provided by appointment and on a drop-in basis Monday to Thursday, 9:00 a.m. to 4:00 p.m. Appointments may be made by signing up in person at the Program's office (Room 2070) at the San Jose Federal Courthouse, or by calling 408-297-1480. Additionally, pro se litigants are highly encouraged to obtain a copy of the Court's Handbook for Pro Se Litigants, available on the Court's website (https://www.cand.uscourts.gov/prosehandbook) or from the Clerk's Office.

Pro se litigants who are representing themselves may file documents manually, unless they have applied for and been given permission to become an ECF user pursuant to Civil L.R. 5-1(b). To manually file documents, litigants should bring an original and three copies to the Clerk's Office on the second floor of the San Jose Federal Courthouse.

7.  **Other matters**

<u>Skills development</u>. The Court welcomes and encourages oral argument by less-experienced attorneys on any matters argued before the Court.

<u>Pronouns</u>. Parties and attorneys may advise the Court of their pronouns by filing a letter or by adding the pronouns in the name block on the first page of the pleadings.

IT IS SO ORDERED.

Dated: May 17, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge