1  **Spencer Fane LLP**
   Servando Sandoval (State Bar No. 205339)
2  Ssandoval@spencerfane.com
   225 West Santa Clara Street
3  Suite 1500
   San Jose, California 95113
4  Telephone:   408.286.5100
   Facsimile:   408.286.5722
5
   Attorneys for Defendants
6  DAVE CORTESE AND COUNTRY CLUB VILLA
   APARTMENTS
7
            **UNITED STATES DISTRICT COURT**
8
            **NORTHERN DISTRICT OF CALIFORNIA**
9
            **SAN JOSE DIVISION**
10

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>            Plaintiff,<br><br>   v.<br><br>SENATOR DAVE CORTESE, COUNTRY CLUB VILLA APARTMENTS<br><br>            Defendants. | Case No. C2:304032-VKD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:  November 28, 2023<br>Time:  10:00 a.m.<br>Courtroom: 2, 5th Floor<br>Judge: Magistrate Virginia K. Demarchi |

**TO PLAINTIFF ERIK ESTAVILLO**:

**PLEASE TAKE NOTICE** that on November 28, 2023 at 10:00 a.m. in the United States District Court, Northern District of California, the courtroom of the Honorable Virginia K. DeMarchi, located in Courtroom 2, 5th Floor, 280 South First Street, San Jose, CA 95113, Defendants DAVE CORTESE AND COUNTRY CLUB VILLA APARTMETNS ("Defendants") will and hereby do move to dismiss the action filed by Plaintiff Erik Estavillo ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

This Motion is brought on the grounds that Plaintiff already has a pending lawsuit, alleging the very same claims as alleged in the instant action, against the very same Defendants. This Motion is also bought on the grounds that the allegations in the Complaint do not allege

sufficient facts to allege subject matter jurisdiction before this Court. The Motion will be based on this Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice, the record on file in this action, and any such evidence and argument as may be presented at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendants move to dismiss the instant complaint on the grounds that Plaintiff already has an action pending in Santa Clara County Superior Court alleging the very same claims. The action pending in Santa Clara County was filed two months prior to filing the instant action. Not only is Plaintiff alleging the same facts, but the Complaint filed in this Court is identical to the Complaint filed in the Superior Court.

### II.

### STATEMENT OF ISSUES TO BE DECIDED

In accordance with Local Rule 7-4, Defendants submit the following issues for the Court to decide:

1) Should the Court dismiss Plaintiff's Complaint on the grounds that Plaintiff already has a pending lawsuit, filed two months prior to the filing of the instant action, in Santa Clara County Superior Court.

2) Should the Court dismiss Plaintiff's Complaint on the grounds that this Court does not have subject matter jurisdiction over the claims alleged in the Complaint.

### IIII.

### STATEMENT OF PERTINENT FACTS

The Complaint in this action specifically alleges that the lawsuit "arises under the laws of California. (RJA, ¶1). The Complaint further alleges that "venue is appropriate in the Downtown Superior Court" and further alleges "it is under California State Statute/Law that one or more of the claims arises against the defendants are based." (RJA, ¶2).

- 2 -

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
SJ 1707702.1

With respect to the alleged claims, Plaintiff alleges that he is permanently disabled and has been a resident at Country Club Villa Apartments for 20 years. [Complaint, ¶4.] He further alleges that he purchased a new vehicle and attempted to obtain a parking permit to park his new vehicle. [Complaint, ¶7.] He then alleges he was informed that households were limited to two vehicles at a time and that he was further informed he would have to park his new vehicle outside of the property, across the street or in the visitors section. [Complaint, ¶8.] According to the Complaint, he then started parking in the visitors section, but since there are limited parking spaces in that section, he parked at the Bank of America around the corner. [Complaint, ¶9.] He then alleges that the security supervisor of Country Club Villa Apartments began to ticket his vehicle for not leaving the premises by 8:30 a.m., despite the fact that his vehicle had a handicap placard. He alleges that other vehicles were not treated in the same manner. [Complaint, ¶10.]

## IV.

## **LEGAL ARGUMENTS**

**A.   THE COURT SHOULD DISMISS THE INSTANT COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE GIVEN THAT PLAINTIFF ALREADY HAS ANOTHER ACTION PENDING IN STATE CALIFORNIA STAE COURT BASED ON THE SAME IDENTICAL FACTS AND CLAIMS.**

Federal courts prevent litigants from pursuing two separate lawsuits asserting claims arising out of the same set of operative facts. Woodards v. Chipotle Mexican Grill, 2015 WL 3447438, at * 11 (D. Minn.) ("rule against claim-splitting prevents a party from pursuing two distinct lawsuits that assert claims arising out of the same set of operative facts"); Feamster v. Gaco W., LLC, No. 18-CV-01327-HSG, 2018 WL 4219199, at *1 (N.D. Cal. Sept. 5, 2018). The purpose of this rule barring claim-splitting serves to protect the party from being harassed by repetitive actions based on the same claim, and promotes judicial economy and convenience. Bojorquez v. Abercrombie & Fitch, Co., 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016). The claim splitting doctrine does not require a final decision in the first action. Rivera v. Am. Fed'n of State, Cty., & Mun. Employees, AFL-CIO, Loc. 444, 2017 WL 3021038, at *3 (N.D. Cal. July

17, 2017). Suits are duplicative if the claims, parties, and available relief do not significantly differ between the two actions. Id.

In the instant action, the State Action Complaint not only alleges similar facts, but it is also identical to the Complaint in this action. Accordingly, this Court must dismiss the Complaint in this action to prevent Plaintiff from further harassing Defendants. The claims subject to this Complaint are already being litigated in State Court. There is no dispute that the claims are identical. As such, this action must be dismissed.

## V.

## CONCLUSION

For the reasons stated above, this Court should dismiss this case with prejudice given that Plaintiff already has a pending case, which is being litigated in State Court.

Dated: October 12, 2023

SPENCER FANE LLP

By: _____
Servando Sandoval

Attorneys for Defendants
DAVE CORTESE AND COUNTRY CLUB VILLA APARTMENTS

SPENCER FANE LLP
ATTORNEYS AT LAW
SAN JOSE

- 4 -

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

SJ 1707702.1