UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>   Plaintiff,<br><br>v.<br><br>DAVE CORTESE, et al.,<br><br>   Defendants. | Case No. 23-cv-04032-VKD<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 13 |

Plaintiff Erik Estavillo filed this action against defendants Dave Cortese and the Country Club Villa Apartments ("Apartments"), alleging the violation of the Americans with Disabilities Act. Dkt. No. 1. Defendants now move pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the complaint. Dkt. No. 13. Mr. Estavillo opposes the motion. Dkt. No. 14. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The November 28, 2023 motion hearing is vacated. Upon consideration of the moving and responding papers,[1] the Court denies defendants' motion to dismiss the complaint.[2]

I. **BACKGROUND**

According to the complaint, Mr. Estavillo lived at the Apartments with his parents. Dkt.

---

[1] After defendants filed their reply brief (Dkt. No. 19), Mr. Estavillo filed an improper sur-reply (Dkt. No. 20). With exceptions not applicable here, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]" Civil L.R. 7-3(d). The Court will disregard Mr. Estavillo's improper sur-reply papers, which appear in any event, to be identical to his earlier-filed opposition brief that the Court has considered.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 11, 17.

No. 1 ¶ 4. Mr. Estavillo says that he is a disabled individual who suffers from Crohn's disease, depression, obsessive compulsive disorder, and panic disorder. *Id*. Mr. Cortese and his family reportedly own the Apartments complex. *Id.* ¶ 6.

Mr. Estavillo purchased a new vehicle and requested a parking sticker so that he could park his vehicle on the Apartments property near his home. *Id*. ¶ 7. A manager told him that residents may park only two vehicles at a time on the property. *Id.* ¶ 8. Because Mr. Estavillo's family already had two vehicles, he was told that he would have to park his car outside the property, in the Apartments visitor section or at a Bank of America around the corner. *Id*. Mr. Estavillo says that he complied with this direction by parking in the visitor section and sometimes at the Bank of America. *Id*. ¶ 9.

He alleges that this arrangement "went well" for a few days, until the Apartments security supervisor Steve Havilla began ticketing Mr. Estavillo "for not leaving the premises by 8:30 a[.]m[.]," even though Mr. Estavillo says that his car displayed a disabled placard. *Id*. ¶ 10. Mr. Estavillo further alleges that other vehicles in the parking lot were not ticketed. *Id*. When Mr. Estavillo protested, Mr. Havilla allegedly "argued with [him] for 30 minutes about the policies" and indicated "that [Mr. Estavillo's disabled status] did not matter whatsoever." *Id*. According to the complaint, property manager Tricia Morse told Mr. Estavillo "to write a letter if he wished to either be given a third parking sticker so he could park on the premises near his apartment or if he could be exempted and allowed to park in the visitor zone near his apartment without threat of tow." *Id*. ¶ 11. Mr. Estavillo says he wrote such a letter, but did not get a response, and continued to receive parking tickets and warnings that his vehicle would be towed. *Id*. ¶ 12.

Mr. Estavillo says that he later received a voicemail from Ms. Morse, stating that he "was no longer allowed to enter the main office or get within 10 feet of any personnel, despite her never filing [for] a restraining order of any type, and that only [Mr. Estavillo]'s father would be able to talk on his behalf regarding any matters involving his car and his apartment." *Id*. ¶ 13.

In June 2013, Mr. Estavillo filed a lawsuit against Mr. Cortese and the Apartments in the

Santa Clara County Superior Court.[3]  In a section of that complaint titled "Claims/Law Violation," Mr. Estavillo alleges:

> The policies of [the Apartments] violate not just the Federal American[s] with Disabilities Act (a separate federal lawsuit is already being filed as well), but they also violate Californian law which states that any violation of the *ADA* is considered a civil rights violation and subject to a minimum statutory penalty of $4,000, plus attorney's fees because California has already set its own accessibility requirements in the California Building Code which this court has jurisdiction over.

Dkt. No. 13-1 ¶ 14.[4]  Mr. Estavillo's state court complaint seeks "$10 million in damages and accrued fines," "[a]dditional damages in an amount to be determined at trial," "[a] declaration that Defendants' policy of not allowing disabled residents to park in designated handicapped parking spaces is in violation of the ADA," an "[i]njunction prohibiting Defendants from enforcing this policy," and "[c]osts of suit."  *Id*. at 9.

In August 2023, Mr. Estavillo filed a nearly identical complaint (albeit without certain attachments) in this Court asserting a violation of the Americans with Disabilities Act.  *See* Dkt. No. 1.  But where the "Claims/Law Violation" section of his state court complaint references the "*ADA*," that same section of his federal complaint references "*ADA* Title III."  *See id*. ¶ 14.

In their motion to dismiss, defendants' chief argument is that the present action is barred by the doctrine of claim-splitting.  Dkt. No. 13 at 1, 3-4.  However, defendants also argue that the allegations do not state facts sufficient to support "subject matter jurisdiction," which the Court interprets as an argument that Mr. Estavillo fails to state a claim under federal law.  *See id.* at 2.  As such, the Court construes the motion as a motion to dismiss under Rule 12(b)(6).

---

[3] The Court grants defendants' request to take judicial notice of Mr. Estavillo's state court complaint, but does not take judicial notice of disputed facts included in that pleading.  Fed. R. Evid. 201; *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[4] Mr. Estavillo does not identify the particular statute or statutes on which he bases his state law claim.  In view of the reference in his state court complaint to "minimum statutory penalty of $4,000," it appears that Mr. Estavillo may be asserting a state law claim under the California Unruh Act.  *See* Cal. Civ. Code § 52(a).

3

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999.  Thus, a court properly may take judicial notice of matters of public record, but cannot take judicial notice of disputed facts contained within such records.  *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

### III. DISCUSSION

#### A. Claim-Splitting

"The doctrine of claim-splitting bars a party from bringing claims arising from the same set of facts in successive actions, rather than bringing them all at once."  *Rivera v. Am. Fed'n of State, Cnty., & Municipal Emps.*, No, 3:16-cv-04959-WHO, 2017 WL 3021038 (N.D. Cal. July 17, 2017) (citing *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894)); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.") (internal quotations and citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether a subsequent suit is duplicative of a prior suit, the Court "borrow[s] from the test for claim preclusion." *Adams*, 487 F.3d at 689.  "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum is the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit."  *Id*. (citations omitted).  The decision to dismiss an action under the claim-splitting doctrine is a matter within the district court's discretion.  *Id*. at 688.

Here, Mr. Estavillo has filed two parallel disability actions against the same defendants—one in state court and one in federal court.  Both actions appear to rely on exactly the same underlying facts.  *See* Dkt. No. 1; Dkt. No. 13-1.  Defendants argue that Mr. Estavillo asserts "the very same claims" here as he asserts in state court. Dkt. No. 13 at 1.  Mr. Estavillo disputes this characterization of his pleadings.  He argues that his state court complaint asserts a claim under state law and only references the ADA because an ADA violation is considered a civil rights violation under California law.  Dkt. No. 14 at 1-2.

While some of Mr. Estavillo's allegations and the request for relief in his state court

1  complaint might be read as asserting an ADA claim, the Court accepts his explanation that he
2  means to assert an ADA claim in federal court and only state law claims in state court. Even so,
3  defendants argue that they should not have to defend against Mr. Estavillo's claims in two
4  different courts. *See* Dkt. No. 19. However, they have not cited authority indicating that the
5  claim-splitting doctrine applies where two parallel actions asserting different claims are
6  proceeding in different courts. *See Sanzaro v. Ardiente Homeowners Ass'n LLC*, 513 F. App'x
7  646, 647 (9th Cir. 2013) (dismissal of plaintiff's Fair Housing Act claim "as duplicative of a state
8  court action was improper because the other action is not in the same court as the present action
9  and does not include the [plaintiffs'] [Fair Housing Act] claim."). Nor have they asked that the
10 Court dismiss or stay the present action under abstention or comity doctrines. *See Noel v. Hall*,
11 341 F.3d 1148, 1159 (9th Cir. 2003) ("[O]verlapping or even identical federal and state court
12 litigation may proceed simultaneously, limited only by doctrines of abstention and comity[.]").

Accordingly, the Court declines to dismiss Mr. Estavillo's complaint based on the claim-splitting doctrine.

### B. Failure to State a Claim for Violation of the ADA

Title III of the ADA prohibits discrimination in places of public accommodation by private entities and provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a Title III discrimination claim, a plaintiff must state facts demonstrating that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) he was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities,

privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

Mr. Estavillo's federal complaint contains some allegations concerning state court jurisdiction and venue that do not apply here. Moreover, the Court notes that Mr. Estavillo's complaint seeks money damages, but "[m]onetary damages are not available in private suits under Title III of the ADA." *MJ Cable., Inc.*, 481 F.3d at 730 (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)). Even so, defendants present no arguments that Mr. Estavillo's complaint fails to state sufficient facts to support a claim for violation of the ADA Title III, except to argue that his complaint violates the claim-splitting doctrine. *See* Dkt. Nos. 13, 19. For the reasons discussed above, defendants' arguments regarding the claim-splitting doctrine fail.

Accordingly, the Court denies defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim for violation of the ADA.

## IV. CONCLUSION

Based on the foregoing, the Court denies defendants' motion to dismiss Mr. Estavillo's complaint. The Court expresses no opinion whether Mr. Estavillo should or must maintain a separate suit in the California state court regarding his claim for violation of the California Unruh Act.

The parties are reminded of their obligations under the General Order No. 56 scheduling order (Dkt. No. 2).

Mr. Estavillo is encouraged to obtain a copy of the Handbook for Pro Se Litigants.[5] He is also encouraged to contact Haohao Song at the Pro Se Program for assistance. Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/. The Program's hours are Monday to Thursday, 9:00 am to 4:00 p.m. and it is located on the Second Floor, Room 2070 at the United States District Court, 280 South 1st Street, San Jose, California. Assistance is provided by appointment and on a drop-

///

///

---

[5] https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf

in basis.  Appointments may be scheduled by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: November 24, 2023

Virginia K. DeMarchi
United States Magistrate Judge