UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERIK ESTAVILLO,

　　　　　　Plaintiff,

v.

DAVE CORTESE, et al.,

　　　　　　Defendants.

Case No.  23-cv-04032-VKD

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OR DISQUALIFICATION**

Re: Dkt. No. 32

Plaintiff Erik Estavillo filed this action alleging that defendants violated Title III of the Americans with Disabilities Act ("ADA") when they refused his request for a third parking permit, beyond the two permits customarily allowed for residents at the County Club Villa Apartments ("Apartments").  *See* Dkt. No. 1; *see also* Dkt. No. 21 at 3.  His complaint requests, among other things, "[a] declaration that Defendants' policy of not allowing disabled residents to park in designated handicapped parking spaces is in violation of the ADA" and an "[i]njunction prohibiting Defendants from enforcing this policy."  Dkt. No. 1 at 9.

When the parties failed to comply Court's "Scheduling Order for Cases Asserting Denial of Right of Access under Americans with Disabilities Act, Title II & III (42 U.S.C. §§ 12131-89)" (Dkt. No. 2), the Court directed them to submit status reports "advising as to (1) the status of the action; (2) a proposed schedule for any further proceedings, as may be necessary; and (3) any other matters that may facilitate a just and efficient disposition of this case."  Dkt. No. 27.  In his status report, Mr. Estavillo stated that he no longer lives at the Apartments.  *See* Dkt. No. 28 at 1; *see also* Dkt. No. 26 at 1.  In their status report, defendants asserted that they intended to seek dismissal of Mr. Estavillo's ADA claim, on the ground that the ADA does not apply to private

United States District Court
Northern District of California

United States District Court
Northern District of California

1  residences.  *See* Dkt. No. 29.  The Court set a schedule for the parties to brief matters raised in

2  their reports, including whether Mr. Estavillo's representations about his change of residence

3  mooted his ADA claim.  Dkt. No. 31.

4       Mr. Estavillo then filed a motion for the Court's recusal, followed by two additional filings

5  in which he reiterates his request for recusal or disqualification.  *See* Dkt. Nos. 32, 33, 34.  The

6  matter is deemed suitable for determination without oral argument.  Civil L.R. 7-1(b).

7       Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C.

8  § 455.[1]  Section 144 provides for recusal where a party files a timely and sufficient affidavit

9  averring that the judge before whom the matter is pending has a personal bias or prejudice either

10 against the party or in favor of an adverse party, and setting forth the facts and reasons for such

11 belief.  *See* 28 U.S.C. § 144.  Similarly, § 455 requires a judge to disqualify herself "in any

12 proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a),

13 including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

14      Upon receipt of a motion under § 144, "[t]he judge who is the subject of

15 disqualification . . . makes the initial determination as to the legal sufficiency of the declaration."

16 *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021 (N.D. Cal. 2001) (citations omitted); *see*

17 *also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that

18 the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first

19 instance.").  An affidavit is legally sufficient when "it specifically alleges facts that fairly support

20 the contention that the judge exhibits bias or prejudice directed toward a party that stems from an

21 extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (citations omitted).

22 Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed

23 may determine the matter.  *See id.* at 868 (holding judge challenged under § 144 properly heard

24 and denied motion where affidavit not legally sufficient).  Disqualification under § 455 "is

25 _____

26 [1] Mr. Estavillo's motion seeks recusal under "§ 2200.68," which appears to be a reference to 29
C.F.R. § 2200.68.  That regulation does not concern recusal in federal court proceedings, but
27 rather in the context of Occupational Safety and Health Review Commission hearings.  In a
subsequent filing, Mr. Estavillo requested disqualification under 28 U.S.C. § 455.  *See* Dkt. No.
28 34.  This Court broadly construes Mr. Estavillo's request for recusal/disqualification, and
evaluates his request under both 28 U.S.C. § 144 and 28 U.S.C. § 455.

1    directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *Id.* at

2    867-68.

3            "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the

4    same:  Whether a reasonable person with knowledge of all the facts would conclude that the

5    judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882,

6    891 (9th Cir. 2012) (internal quotations and citation omitted); *see also United States v. Holland*,

7    519 F.3d 909, 913 (9th Cir. 2008) ("The 'reasonable person'" is "a well-informed, thoughtful

8    observer") (internal quotations and citation); *Sibla*, 624 F.2d at 867 ("The test for personal bias or

9    prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this

10   language in section 144 are controlling in the interpretation of section 455(b)(1).").  Additionally,

11   motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the

12   basis for recusal something other than rulings, opinions formed or statements made by the judge

13   during the course of trial." *Holland*, 519 F.3d at 913-14; *see also Sibla*, 624 F.2d at 868 (affidavit

14   not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an

15   extrajudicial source").  Judicial rulings generally are not a valid basis for a recusal motion.  *See*

16   *Liteky v. United States*, 510 U.S. 540, 555 (1994).

17           Mr. Estavillo's allegations of bias or prejudice, unsupported by any affidavit, fail to

18   establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality

19   might reasonably be questioned.  He alleges that the Court "is now believing [his ADA claim] is

20   'moot,'" "is obviously protecting the Senator [defendant David Cortese]" and "exhibits a

21   pronounced bias against pro se litigants daring to argue their cases without legal representation."

22   Dkt. No. 32 at 1, 2.  He further alleges that the Court's bias is "evidenced by a consistent pattern

23   of decision in favor of the defendant and against the plaintiff," and that such "repeated pattern of

24   decisions in favor of the defendant may create a perception that the judge is biased or has a

25   predisposition in favor of the sitting California Senator." Dkt. No. 34 at 2.

26           Mr. Estavillo's allegations regarding personal bias and prejudice are conclusory.  *See*

27   *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) ("mere

28   conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal

United States District Court
Northern District of California

3

is required."); *see also Holland*, 519 F.3d at 913 ("The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.") (internal quotations and citation omitted).  He does not substantiate his allegations concerning a "repeated pattern of decisions in favor of the defendant."  Nor does Mr. Estavillo cite any plausible extrajudicial source of bias or prejudice.  Rather, his allegations appear to stem principally from the Court's January 25, 2024 "Order Setting Briefing Schedule" (Dkt. No. 31).  Contrary to Mr. Estavillo's suggestion, this Court has made no decisions or rulings concerning matters addressed in that order, and has given the parties an opportunity to brief those issues and state their views.  Dkt. No. 31.[2]  In sum, Mr. Estavillo has not demonstrated any facts or circumstances that would cause a "well-informed, thoughtful observer" to conclude that the Court's impartiality might reasonably be questioned. *Holland*, 519 F.3d at 913-14.  Accordingly, his motion for recusal/disqualification is denied.

The Court reminds Mr. Estavillo that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to self-represented litigants in federal cases.  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  Appointments may be scheduled by calling 408-297-1480.

**IT IS SO ORDERED.**

Dated: February 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] To the extent defendants file a motion by the February 8, 2024 deadline, Mr. Estavillo has until February 22, 2024 to file his written response.  Dkt. No. 31 at 2.