UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ESTAVILLO,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE CORTESE, et al.,<br><br>    Defendants. | Case No.  23-cv-04032-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 37 |

## I.     BACKGROUND

Plaintiff Erik Estavillo filed this action alleging that defendants violated Title III of the Americans with Disabilities Act ("ADA") when they refused his request for a third parking permit, beyond the two permits customarily allowed for residents at the Country Club Villa Apartments ("Apartments"). *See* Dkt. No. 1; *see also* Dkt. No. 21 at 3. After the Court denied defendants' motion to dismiss based on the claim-splitting doctrine, defendants answered the complaint. Dkt. Nos. 21, 23.

When the deadlines for compliance with this District's General Order 56 lapsed, *see* Dkt. No. 2, the Court directed the parties to file a status report. Dkt. No. 27. In his status reports, Mr. Estavillo advised, among other things, that he no longer lives at the Apartments. *See* Dkt. No. 28 at 1; Dkt. No. 30 at 4; *see also* Dkt. No. 26 at 1. In their status report, defendants contended that General Order 56 does not govern these proceedings, and that Mr. Estavillo's complaint must be dismissed, because the ADA does not apply to private residences. *See* Dkt. No. 29. The Court directed the parties to brief whether the Apartments are a place of public accommodation to which Title III of the ADA applies, and whether Mr. Estavillo's ADA claim is moot. Dkt. No. 31.

1    Defendants now move pursuant to Rules 12(b)(1) and 12(b)(6)[1] to dismiss the complaint
2    on the grounds that Mr. Estavillo does not have standing to pursue his ADA claim, and that ADA
3    Title III does not apply to the Apartments. Mr. Estavillo filed a response and a supplemental
4    response to the motion.[2] The matter is deemed suitable for determination without oral argument.
5    *See* Dkt. No. 31; Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the
6    Court grants defendants' motion, with leave to amend.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction*.*" *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts well-pled allegations of the complaint as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations are sufficient to support standing. *Id*.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at

---

[1] Although defendants briefed a portion of their motion to dismiss as one brought pursuant to Rule 12(b)(6), they have already answered the complaint. Dkt. No. 23. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed.") (emphasis added). As the pleadings are closed, the Court treats defendants' motion as one for judgment on the pleadings pursuant to Rule 12(c). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

[2] Mr. Estavillo was not given leave to submit more than one brief in response to defendants' motion. The Court has considered both filings, but reminds Mr. Estavillo that future filings must comply with the Civil Local Rules. *See* Dkt. No. 31; Civil L.R. 7-3(a). Non-compliant filings may be stricken and not considered by the Court.

2

1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id*.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (internal quotations and citation omitted).  Here, defendants make a factual attack on jurisdiction.  However, as explained below the factual predicate for their challenge is not disputed.

As the party asserting federal subject matter jurisdiction, Mr. Estavillo bears the burden of establishing its existence.  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).

### B.     Rule 12(c)

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions test the legal sufficiency of a claim.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Such motions are "functionally identical" to those brought pursuant to Rule 12(b)(6), and "the same standard of review applies to motions brought under either rule."  *Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotations and citations omitted).  Accordingly, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," but need not accept as true conclusory allegations.  *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court may consider materials subject to judicial notice without converting a Rule 12(c) motion into one for summary judgment.  *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008).[3]  Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the complaint does not plead "enough facts to state a claim to relief that is plausible on its face," and the moving party is entitled to judgment as a matter of law.  *See Bell Atl. Corp. v.*

---

[3] Defendants have not submitted any matters that properly are subject to judicial notice, and the Court finds that the declaration defendants submitted cannot properly be considered in resolving their Rule 12(c) motion.  Accordingly, the Court disregards that declaration.

3

*Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).

## III. DISCUSSION

### A. Standing

As it is undisputed that Mr. Estavillo no longer lives at the Apartments,[4] defendants contend that his ADA claim is moot and that this action must be dismissed for lack of standing. Standing is a jurisdictional issue properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Article III of the Constitution limits the jurisdiction of federal courts to decide only actual cases or controversies. *See* U.S. Const., art. III, § 2, cl. 1. The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quotations and citation omitted); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings."). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (quotations and citation omitted). A claim may become moot if "(1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (cleaned up). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Siskiyou Reg'l Educ. Project v. U.S.*

---

[4] As the factual predicate for defendants' Rule 12(b)(1) motion is undisputed, the Court finds it unnecessary to consider the declaration they submitted in support of their motion.

*Forest Serv.*, 565 F.3d 545, 559 (9th Cir. 2009). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotations and citation omitted). "The question is not whether the precise relief sought at the time the case was filed is still available. The question is whether there can be any effective relief." *Siskiyou Reg'l Educ. Project*, 565 F.3d at 559 (cleaned up).

Based on the allegations of Mr. Estavillo's complaint, as currently pled, it is not apparent that there is a present controversy as to which effective relief may be granted. His complaint requests "[a] declaration that Defendants' policy of not allowing disabled residents to park in designated handicapped parking spaces is in violation of the ADA" and an "[i]njunction prohibiting Defendants from enforcing this policy." Dkt. No. 1 at 9. However, Mr. Estavillo no longer resides at the Apartments, and it is not clear that the Apartments' alleged parking policy continues to affect his present interests. *See Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[T]o avoid mootness with respect to a claim for declaratory relief on the ground that the relief sought will address an ongoing policy, the plaintiff must show that the policy has adversely affected and continues to affect a present interest.") (quotations and citations omitted). While the complaint also seeks monetary damages, such relief is not available in private actions under Title III of the ADA. *See Arroyo v. Rosas*, 19 F.4th 1202, 1205-06 (9th Cir. 2021) (damages remedy not available in private action under ADA Title III); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) ("Monetary damages are not available in private suits under Title III of the ADA[.]") (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.2002)).

Mr. Estavillo maintains that there is an ongoing controversy between the parties, asserting that defendants retaliated against him and harassed him for exercising his rights under the ADA. *See* Dkt. No. 39 at 2. Such allegations are not clearly pled in his current complaint. Even assuming that Mr. Estavillo's ADA claim is not moot, for the reasons discussed below, his complaint fails to state a claim under Title III of the ADA.

**B.     ADA Title III**

Defendants contend that the complaint does not state a claim for relief, arguing that ADA Title III does not apply to private residences. Residential apartment complexes generally do not

"do not constitute public accommodations within the meaning of the [ADA]." *Independent Housing Servs. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993); *see also Cook v. Doe*, No. 21-cv-01720-JSC, 2021 WL 2444959, at *2 (N.D. Cal. May 17, 2021) (plaintiff "fails to state a valid ADA claim because her residential apartment building is not a place of public accommodation covered by the ADA's disability discrimination laws."); *West v. Palo Alto Housing Corp.*, No. 17-cv-00238-LHK, 2019 WL 2549218, at *21 (N.D. Cal. June 20, 2019) ("Courts have consistently held that private dwelling units like apartments and condominiums do not constitute public accommodations within the meaning of the Act.") (quotations omitted); *McColm v. Anber*, No. C06-7369 PJH, 2006 WL 3645308, at *5 (N.D. Cal. Dec. 12, 2006) ("Nor does Title III apply, because residential portions of housing developments do not fall within the bounds of the ADA."). While courts recognize that portions of a residential facility may be covered by the ADA if made available to the general public for rental or use, *see Sawyer v. Pac. Beach House, LLC*, No. 21-cv-05140-DMR, 2022 WL 1136797, at *4 (N.D. Cal. Apr. 18, 2022), Mr. Estavillo's complaint, as currently pled, asserts no facts supporting an inference that the Apartments' parking areas are available for use by anyone other than residents or their guests. *See, e.g., Green v. Mercy Housing, Inc.*, No. C18-04888 WHA, 2018 WL 6704185, at *2 (N.D. Cal. Dec. 20, 2018) (dismissing ADA claim where plaintiff "allege[d] no facts demonstrating that his assigned parking space was available for use by the general public."). In addition, while Mr. Estavillo generally asserts that he made "repeated request for reasonable accommodations," and that the Apartments "lack[] the necessary accessibility features required under the ADA, such as disabled parking in the visitor sections" (Dkt. No. 39), those assertions are conclusory and would be insufficient to state a plausible claim for relief under the ADA even if the Apartments were a place of public accommodation. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

In his briefing, Mr. Estavillo asserts that defendants retaliated against him and harassed him for exercising his rights under the ADA, "creating a hostile environment that ultimately led to the eviction" from the Apartments. *See* Dkt. No. 39 at 2. Such allegations are not clearly pled in his complaint. In any event, for the reasons discussed above, the complaint does not allege

1 sufficient facts establishing a claim of discrimination under the ADA, which is "the predicate for
2 any claim of retaliation and/or interference under [the ADA]." *McColm v. San Francisco Housing*
3 *Auth.*, No. C02-5810 PJH, 2007 WL 1575883, at *13 (N.D. Cal. May 29, 2007); *see also id.*
4 (concluding that plaintiff could not state a claim for retaliation/interference under ADA where
5 plaintiff did not allege a viable claim for discrimination under the ADA); *see also Arceneaux v.*
6 *Marin Housing Auth.*, No. 15-cv-00088-MEJ, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015)
7 (same).

Accordingly, Mr. Estavillo's ADA claim is dismissed.

### IV. LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Mr. Estavillo has provided no basis for the Court to conclude that he could assert additional facts on amendment that would state a plausible claim under the ADA. The Court nonetheless will give him leave to amend his ADA claim, as he has not previously had an opportunity to do so.

### V. CONCLUSION

Based on the foregoing, defendants' motion to dismiss Mr. Estavillo's complaint is granted, with leave to amend the ADA claim. Mr. Estavillo is not permitted to assert any new or additional claims for relief without first obtaining defendants' written consent or seeking leave of court. Fed. R. Civ. P. 15(a)(2). Additionally, Mr. Estavillo is given leave to amend only to the extent he believes that he can truthfully assert a plausible ADA claim, consistent with his

obligations under Rule 11.

If Mr. Estavillo chooses to amend his complaint, his amended pleading should be titled "First Amended Complaint" and he must file his First Amended Complaint by **June 20, 2024**. Mr. Estavillo is advised that the failure to comply with court-ordered deadlines may result in the dismissal of this case for his lack of attention to it and failure to prosecute this matter. Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

Dated: May 30, 2024

Virginia K. DeMarchi
United States Magistrate Judge