UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ERIK ESTAVILLO,

           Plaintiff,

v.

DAVE CORTESE, et al.,

           Defendants.

Case No. 23-cv-04032-VKD

**ORDER DISMISSING CASE**

    The Court previously dismissed Mr. Estavillo's complaint, with leave to amend only as to a claim under the Americans with Disabilities Act. *See* Dkt. No. 41. Mr. Estavillo filed an appeal, and the Ninth Circuit subsequently entered its mandate regarding that appeal. Dkt. Nos. 42, 45.

    On July 16, 2024, the Court re-set the deadline for Mr. Estavillo to file an amended complaint to August 6, 2024. Dkt. No. 46. The Court's order stated that Mr. Estavillo's "failure to comply with court-ordered deadlines may result in the dismissal of this case for his lack of attention to it and failure to prosecute this matter." *Id.* The docket indicates that Mr. Estavillo did not file an amended complaint. Nor did he file any statement advising that he does not intend to amend his complaint.

    On August 9, 2024, the Court issued an order directing Mr. Estavillo to file a written response by August 23, 2024, showing cause why this action should not be dismissed. Dkt. No. 47. That order expressly stated that "[i]f Mr. Estavillo does not respond to this order by the August 23, 2024 deadline, the Court will dismiss this action without prejudice for failure to prosecute." *Id.* The Court has received no response from Mr. Estavillo, and the August 23, 2024 deadline has passed.

## I. DISCUSSION

Although Mr. Estavillo was given leave to amend his complaint, the record suggests that he may have elected not to do so. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891-92 (9th Cir. 2019). For the reasons stated in the Court's May 30, 2024 order dismissing his complaint, Mr. Estavillo does not have a viable claim for relief. Dkt. No. 41. As the deadline for filing an amended complaint has passed, and Mr. Estavillo has not responded to the Court's August 9, 2024 order to show cause regarding dismissal of the action, the Court will enter judgment of dismissal for reasons stated in its May 30, 2024 order.

Alternatively, the Court dismisses this action for Mr. Estavillo's failure to prosecute, as he did not respond to the Court's August 9, 2024 order directing him to show cause why this action should not be dismissed (Dkt. No. 47). The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962). In determining whether dismissal is appropriate for the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The first factor favors dismissal, as "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id*. (quotations and citation omitted). The second factor also favors dismissal, as Mr. Estavillo's non-responsiveness has delayed the resolution of this litigation and "consumed some of the court's time that could have been devoted to other cases on the docket." *Id*. The third factor may be neutral, insofar as there is no indication that defendants have been prejudiced. But while the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id*. at 642-43. Despite being given ample opportunity to do so, Mr. Estavillo's failure to respond at all to the Court's August 9, 2024 order weighs in favor of dismissal. *See, e.g., Chico v. Wells Fargo Bank*, No. 20-cv-01963-PJH, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020)

(concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal."). *Cf. Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). The fourth factor favors dismissal, as the Court's July 16, 2024 order (Dkt. No. 46) and August 9, 2024 order to show cause (Dkt. No. 47) expressly cautioned Mr. Estavillo that this action could be dismissed for his failure to comply with court-ordered deadlines or lack of attention to this matter. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). While the fifth factor regarding "[p]ublic policy favors disposition of cases on the merits" and thus weighs against dismissal, *Pagtalunan*, 291 F.3d at 643, the other four factors weigh in favor of dismissing this action.

## II. CONCLUSION

Based on the foregoing, this action is dismissed for the reasons stated in the Court's May 30, 2024 dismissal order (Dkt. No. 41) and in the alternative for Mr. Estavillo's failure to prosecute this action. The Clerk of Court shall enter judgment accordingly, and close this file.

**IT IS SO ORDERED.**

Dated: November 5, 2024

Virginia K. DeMarchi
United States Magistrate Judge

3